# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| DENNIS SIMOY, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:94-CR-0387-TWT-RDC-3 |
| UNITED STATES, | : | |
|    Respondent. | : | CIVIL FILE NO. |
| | : | 1:20-CV-3673-TWT-RDC |

### UNITED STATES MAGISTRATE JUDGE'S
### FINAL REPORT AND RECOMMENDATION

Movant has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence entered under the above criminal docket number. The matter is before the Court on Movant's February 15, 2020 § 2255 motion [Doc. 221] and Respondent's December 9, 2020 response [Doc. 227]. As of April 5, 2021, Movant has not replied, and the matter is ready for disposition. For the reasons discussed below, Movant's motion to vacate is due to be denied.

## I. Discussion

### A. Background

In a June 1995 superseding indictment, Movant and three co-defendants, all inmates at the time of the crime, were charged with the 1994 stabbing and murder of

Edward Wong, a fellow inmate. [Doc. 226-1; Doc. 226-3 at 3]. A jury found Movant guilty, and on August 24, 1995, the Court imposed a life term of imprisonment. [Docs. 134, 226-2]. Movant appealed, and, on March 12, 1997, the Georgia Court of Appeals affirmed the judgment against Movant. [Doc. 226-3 at 2-12]. In March 1999, Movant sought a writ of coram nobis and stated that he sought coram nobis relief because the one-year time limit for seeking § 2255 relief had passed. [Doc. 226-4 at 6]. On April 29, 1999, the Court denied the writ. [Doc. 226-5 at 2].

In February 2020, Movant submitted for filing his § 2255 motion (filed on the docket in September 2020). [Doc. 221 at 5]. Movant's motion, among other things, states (1) that he "is actually innocent for the lack of jurisdiction from the assigned prosecutor errors of commercial crimes which is not law, but rather a color of law" [id. at 1] and (2) that "he is actual[ly] innocent of murder from the insufficient evidence" by witnesses who provided conflicting testimony (at least two of whom admitted that they hoped to receive a sentence reduction based on their giving testimony) [id. at 4].[1]

---

[1] Petitioner states, "John Powers testified for the Government and admitted that he hoped to receive a reduction in his sentence for the results of his testimony

2

Respondent responds that the motion to vacate is time barred and should be denied and dismissed. [Doc. 227 at 2].

**B.     Law and Recommendation**

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations applies to § 2255 motions. Daniels v. United States, 809 F.3d 588, 589 (11th Cir. 2015). Under 28 U.S.C. § 2255(f), the one-year statute of limitations runs from the latest of,

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

(R[]10-144, 146, 179-180)" and states "the witnesses would assumed any statement to the assigned prosecutor to get an reduction in their sentences of which the witnesses expressed to get a deal if they testified[.]" [Doc. 221 at 4 (uncorrected)].

3

Equitable tolling of the federal limitations period sometimes may be warranted, but "only if the [movant] establishes (1) extraordinary circumstances, and (2) due diligence. . . . [E]quitable tolling is an extraordinary remedy which is sparingly applied, and [the movant bears] the burden of proving equitable tolling." Williams v. United States, 491 F.3d 1282, 1284 (11th Cir. 2007). Actual innocence also provides a limited exception to AEDPA's time limitations. Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citing Schlup v. Delo, 513 U.S. 298, 324, 327 (1995)). To show actual innocence, the movant must present "new reliable evidence" and show "that it is more likely than not that no reasonable juror would have found [the movant] guilty beyond a reasonable doubt" in light of the new evidence. Id. (quoting Arthur v. Allen, 452 F.3d 1234, 1245 (11th Cir. 2006) and Johnson v. Fla. Dep's of Corr., 513 F.3d 1328, 1334 (11th Cir. 2008)).

Under § 2255(f)(1), Movant's conviction became final on June 10, 1997, when his time to seek a writ of certiorari in the United States Supreme Court expired, ninety days after the Eleventh Circuit Court of Appeals on March 12, 1997, affirmed his conviction. See Michel v. United States, 519 F.3d 1267, 1268 n.1 (11th Cir. 2008). There is no indication that § 2255(f)(2)-(4) or equitable tolling apply, and Petitioner's

4

allegations present no new evidence of innocence and fall far short of the standard for an actual innocence exception. [See Doc. 221 at 1, 4]; see also supra n.4.

Thus, Movant's § 2255 motion to vacate was due by June 10, 1998, one year after Movant's conviction became final on June 10, 1997, and his February 2020 § 2255 motion is more than twenty-two years late. This action should be denied and dismissed as untimely.

## II.   Certificate of Appealability (COA)

Under Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." The Court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, the prisoner in order to obtain a COA, still must show both (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Lambrix v. Sec'y, DOC, 872 F.3d 1170, 1179 (11th Cir. 2017) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

It is recommended that a COA is unwarranted because based on the record before the Court it is not reasonably debatable that Movant's motion to vacate is untimely. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

### III. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's § 2255 motion [Doc. 221] be **DENIED** and **DISMISSED** as untimely and that a COA be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of this § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 6th day of April, 2021.

REGINA D. CANNON
UNITED STATES MAGISTRATE JUDGE

6